## Guerriero v. Probst

*Larry E. Coploff,* for plaintiffs.
*Charles R. Rosamilia, Jr.,* for defendant.

BROWN, *P.J.,* September 9, 1980—The parties hereto were involved in a motor vehicle accident on February 13, 1978. As a result of that accident, plaintiffs instituted the present litigation on February 7, 1980 with the issuance of a writ of summons. Their complaint was filed on March 4, 1980, and on March 24, 1980 defendant filed an answer and counterclaim arising out of the same accident. In response to defendant's counterclaim, plaintiffs have filed a motion for judgment on the pleadings asserting that the counterclaim is barred by the two year statute of limitations set forth in 42 Pa.C.S.A. §5524.

After considering the oral arguments presented and the parties' briefs, the court concludes that plaintiffs' position has merit. Somewhat surprisingly, it must be noted that there is no appellate authority for what appears to be an issue of common occurrence. However, a perusal of 2 Goodrich-Amram 2d § 1046:2.1, as well as the lower court case of Deane v. Greenbaum, 77 D. & C. 569 (1951), reveals that a counterclaim is subject to the controlling statute of limitations irrespective of when a claim arising out of the same incident is filed against defendant.

To accept defendant's argument that the statute of limitations is tolled as to her counterclaim upon the filing of plaintiffs' claim requires a finding that the law should recognize that a party with a potential claim need not assert the same while waiting to see if another party to the same transaction is going to file a claim against the waiting party. No sound reason exists for such a policy. To the contrary such a rule would produce the undesired effect of allowing defendants to file routinely counterclaims of no substance or in bad faith simply as a matter of retaliation or harassment. If a party to an incident has a good faith claim arising out of the occurrence, then he should be required to file that claim within any applicable period of limitations independent of whether he has been sued as a result of the incident.

## ORDER

And now, September 9, 1980, based upon the foregoing memorandum, it is hereby ordered that plaintiffs' motion for judgment on the pleadings as to defendant's counterclaim be granted and that the counterclaim be dismissed.